IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE PART AT STONEHAVEN and BLUEROCK PARTNERS LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMINTA STAR GUINDO,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:16-CV-04565-WSD-JFK |

**FINAL REPORT AND RECOMMENDATION**

The above-styled case has been removed from the Magistrate Court of DeKalb County [Doc. 1-1] and is before the undersigned on Defendant Aminta[1] Star Guindo's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be

---

[1] The court notes that, on the notice of removal, Defendant's first name is provided as "Amnita" and, on the dispossessory paperwork, Defendant's first name is provided as "Aminita." [Doc. 1-1]. The court will use the spelling provided on the docket, "Aminta."

remanded." Upon making this review, the court finds that it does not and recommends remand.

## I. Background Facts

Plaintiffs The Park at Stonehaven and Bluerock Partners LLC, the agent of the owner of the real property commonly known as 402 Whitney Chase, Stone Mountain, Georgia 30088, filed a dispossessory proceeding in the Magistrate Court of DeKalb County, Georgia, on November 17, 2016, against Defendant Aminta Star Guindo and all other occupants for failure to pay rent now past due. [Doc. 1-1 at 3 ("Dispossessory Warrant")].[2] On December 13, 2016, Defendant Guindo filed a notice of removal from the Magistrate Court of DeKalb County, Georgia. [Doc. 1-1 ("Removal")].

## II. Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "'In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory

---

[2]The court's page citation is to the CM/ECF pagination.

2

grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).'" SBS 276, LLC v. Walker, 2013 WL 3784988, at *2 (N.D. Ga. July 17, 2013) (quoting Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997)); and see Dabney v. Shapiro & Fishman, LLP, 2012 WL 10816231, at *2 (N.D. Fla. February 9, 2012) ("Subject-matter jurisdiction in federal court may be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Guindo alleges as a basis for removal the court's federal question subject matter jurisdiction. [Removal]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

3

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses or counterclaims involving the Constitution or laws of the United States are ignored.  See Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

Defendant contends that Plaintiffs' proceeding constitutes violation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"), as well as other federal statutory provisions.  [Removal].  In the present case, Plaintiffs, the master of the claim, relied exclusively on state law in the dispossessory proceeding. [Dispossessory Warrant].  A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50.  See Ikomoni v. Executive Asset Mgmt., LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted; emphasis added); see also Fennelly v. Lyons, 333 Ga. App. 96, 100, 775 S.E.2d 587, 592 (2015) (same).  No federal question is presented on the face of Plaintiffs' well-pleaded complaint.  [Dispossessory Proceeding].

4

Defendant Guindo does not appear to base removal on federal diversity jurisdiction. [Removal]. The court will nonetheless address whether diversity jurisdiction exists. Section 1332(a) of Title 28 provides in pertinent part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between - (1) the citizens of different States . . . ." 28 U.S.C. § 1331(a). Jurisdiction under this provision requires complete diversity of citizenship between the plaintiff and all defendants. See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff."). Here, there is no evidence of diversity of citizenship, and Defendant asserts that all parties are citizens of the State of Georgia. [Doc. 1-2 ("Civil Cover Sheet")]. As to damages, Plaintiffs' dispossessory proceeding seeks the ejectment of Defendant and all other occupants from the property due to failure to pay past due rent of $1,400.00 and rent accruing to the date of judgment or vacancy at a rate of $700.00 per month and other fees and costs of less than $1,000.00. [Dispossessory Warrant]. Again, the court looks to Plaintiffs' claim to determine whether removal jurisdiction is appropriate. See Burns, 31 F.3d at 1095; Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) ("the status of the

5

case *as disclosed by the plaintiff's complaint* is controlling in the case of a removal[,] . . . [t]herefore, the claims as asserted by the defendant are not to be considered when determining the propriety of removal and if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow") (citations and internal quotation marks omitted; emphasis in original).  The face of the complaint shows that the amount in controversy does not exceed the $75,000.00 required for the court to have diversity jurisdiction as a basis for removal.

There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption.  Caterpillar, 107 S. Ct. at 2430.  For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

## III. Conclusion

Accordingly, because Defendant has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of DeKalb County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

6

**SO RECOMMENDED**, this 14th day of December, 2016.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE