**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**BLUE ROCK PARTNERS, LLC, as
agent of THE PARK AT
STONEHAVEN,**

**Plaintiff,**

**v.**                                                        **1:16-cv-4565-WSD**

**AMINITA STAR GUINDO,**

**Defendant.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final

Report and Recommendation ("R&R") [2], which recommends remanding this

dispossessory action to the Magistrate Court of DeKalb County, Georgia.

## I.      BACKGROUND

On November 17, 2016, Plaintiff Blue Rock Partners, LLC, as agent of The

Park at Stonehaven ("Plaintiff") initiated a dispossessory proceeding against

Defendant Aminita[1] Star Guindo ("Defendant") in the Magistrate Court of DeKalb

County, Georgia.[2]  The Complaint seeks possession of premises currently occupied

by Defendant and seeks past due rent, fees and costs.

---

[1]        The docket misspells Plaintiff's first name "Aminita" as "Aminta."

On December 13, 2016, Defendant, proceeding *pro se*, removed the DeKalb County action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* [1].  Defendant appears to assert that there is federal subject matter jurisdiction because there is in this case a question of federal law. In her Notice of Removal, Defendant claims that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the Fair Housing Act, 42 U.S.C. § 3631 et seq., Rule 60 of the Federal Rules of Civil Procedure, and the Due Process Clause of the Fourteenth Amendment.  Defendant claims further that the Court "[has] the legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6 and 15 U.S.C. § 1692."  (Notice of Removal at 1).

On December 14, 2016, Magistrate Judge King granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of DeKalb County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge

---

[2]     See [1.1] at 3.

concluded that the Court does not have federal question jurisdiction over this matter.  Although not alleged in her Notice of Removal, the Magistrate Judge also considered whether the Court has subject-matter jurisdiction based on diversity of citizenship.  The Magistrate Judge found that Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does not have diversity jurisdiction over this matter and that this case be remanded to the state court.

On December 27, 2016, Defendant filed her Objections [5] to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error

review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983),

<u>cert. denied</u>, 464 U.S. 1050 (1984).

Defendant's Objections are conclusory and do not address the Magistrate

Judge's reasons for recommending remand.[3]  <u>See</u> <u>Marsden v. Moore</u>, 847 F.2d

1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and

recommendation must specifically identify those findings objected to.  Frivolous,

conclusive, or general objections need not be considered by the district court.").

These are not valid objections, and the Court will not consider them.  The Court

reviews the R&R for plain error.

    B.   <u>Analysis</u>

The Magistrate Judge found that Plaintiff's Complaint does not present a

federal question and that the parties are not diverse.  The Court does not find any

plain error in these conclusions.  It is well-settled that federal-question jurisdiction

exists only when a federal question is presented on the face of a plaintiff's

well-pleaded complaint and that the assertions of defenses or counterclaims based

on federal law cannot confer federal question jurisdiction over a cause of action.

<u>See</u> <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003); <u>Holmes Group, Inc.</u>

---

[3]    For example, Defendant states that "[t]he Court Report and
Recommendation entered on the 14th [sic] day of December 2016 is in violation
.Of [sic] the Bill of Rights with respect to a trail [sic] before Tribunal Court."
(Obj. at 2).

v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendant are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, the Magistrate Judge recommended that this action be remanded to the magistrate court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Defendant did not assert a valid objection to this recommendation and the Court finds no plain error in it. [4]

---

[4]     To the extent Defendant appears to assert in her Notice of Removal that the Court has subject matter jurisdiction based on 28 U.S.C. § 1443 and violation of the Fair Housing Act, 42 U.S.C. § 3631 et seq., Defendant fails to allege any facts to support that she has been denied by, or cannot enforce in, the state court her rights under the Fair Housing Act.  See, e.g., Shah v. Borden, No. 1:15-cv-

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Aminita Star Guindo's

Objections [5] are **OVERRULED**.

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final

Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the

Magistrate Court of DeKalb County, Georgia.

---

1658-TWT, 2015 WL 4159948, at *2 ("Because Defendant has attempted to bring counterclaims pursuant to the Fair Housing Act, 28 U.S.C. § 1334, the Bill of Rights, and the Fourteenth Amendment, Defendant may be attempting to invoke jurisdiction pursuant to 28 U.S.C. § 1443 . . . [which] does not provide Defendant with a valid basis for removal jurisdiction"); 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Georgia v. Rachel, 384 U.S. 780, 788 (1966) (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Rogers v. Rucker, 835 F. Supp. 1410 (N.D. Ga. 1993) (remanding dispossessory action where tenant asserted counterclaim for violation of Fair Housing Act, but failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment).  Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

**SO ORDERED** this 6th day of March, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE